A. Franklin Mahoney, J.
Plaintiff has moved for an order striking the first affirmative defense in the answer of defendants, D. P. Harris Hardware and Manufacturing Co., Inc. and H. P.' Snyder Manufacturing Company, to the second cause of action alleged in the complaint herein and striking the first and second affirmative defenses in the answer of defendant Charles Klarsfeld and Sons, Inc., to the second cause of action alleged in the complaint.
The infant plaintiff was born on January 19, 1963. From the supporting papers, it appears that there had been in use upon the premises of defendant. Albany Boys' Club, Inc. since June, 1958, a Bollfact, No. 10 exerciser manufactured, assembled and distributed by defendants Snyder and Harris and purchased from defendant Klarsfeld. On December 17, 1970 the infant plaintiff was injured while using the exerciser.. The action was commenced against defendant Albany Boys. Club, Inc. on February 25, 1971; defendants Harris and Klarsfeld were served in a third-party action in December, 1972 and Snyder was subsequently served and answered defendant Albany Boys Club on April 6, 1973; thereafter, in March, 1974, defendants Klarsfeld, Harris and Snyder were served.with plaintiff’s summons and complaint.
*20 Plaintiff’s first cause of action alleges negligence; the second cause of action alleges breach of warranty in paragraphs 12, 13, 14 and 15 of the complaint and the necessary elements of strict products liability in paragraphs 16, 17 and 18. Defendants Harris and Snyder set out an affirmative defense that the second cause of action in the complaint is barred by the six-year Statute of Limitations provided by CPLR 213 and the four-year Statute of Limitations provided by section 2-725 of the Uniform Commercial Code. Defendant Klarsfeld sets out two affirmative defenses, the one alleging that the second cause of action in plaintiff’s complaint is barred by the six-year Statute of Limitations provided in CPLR 213 and the other that the second cause of action is barred by the four-year Statute of Limitations provided by section 2-725 of the Uniform Commercial Code.
The two affirmative defenses under attack raise the same question posed by Justice Shapiro in Rivera v. Berkeley Super Wash (44 A D 2d 316). Is the contract Statute of Limitations (commencing at the time of sale) or the tort Statute of Limitations (commencing at the time of injury) to be applied in those factual situations occurring after Codling v. Paglia (32 N Y 2d 330; amplified in Velez v. Craine & Clark Lbr. Corp., 33 N Y 2d 117) wherein, for the first time in this State, a separate and distinct cause of action based on strict products liability was enunciated by our highest tribunal? The resolution of this question is singularly important with respect to infant injury cases when the damage occurs after the four-year contract Statute of Limitations (Uniform Commercial Code, § 2-725) has run but before the infant reaches his majority. If the four-year statute .should.be held to apply, not only has the contract Statute of Limitations run, but the injured infant would be deprived of the tolling provisions of CPLR 208 since at the time of his accident, the four-year contract period having passed, he was not an individual “ entitled to commence an action’’.[1] Next, there being no action in favor of the infant, there could be no derivative action by a parent or guardian.
It is my view, based on the rationale and reasoning set forth in Rivera v. Berkeley (supra) that Codling (supra) and Velez (supra) created a separate and distinct cause of action based on *21 strict products liability founded on a tortious wrong.[2] Having thus concluded, it would be illogical to apply a contract Statute of Limitations to a tort cause of action. This view is buttressed by the policy considerations that motivated the Court of Appeals to establish the new concept of an action grounded in tortious manufacturing or design, albeit, the product reaches the market place and its potential for harm by sale. It is the tortious wrong and not the sale that proximately causes injury and it would be unfair, unjust and socially unacceptable to foreclose by limitation the right to seek redress to all those injured by the tortious wrong.
Accordingly, I conclude that there is now a cause of action for strict products liability as distinguished from and separate from a cause of action for breach of warranty and that the normal three-year statute for torts governs the former while the four-year statute controls the latter.
Applying this reasoning to the pleadings before the court, the second cause of action pleads an action for breach of warranty (pars. 12,13,14 and 15) and an action for strict products liability pars, 16, 17 and 18). The causes should have been separately pleaded, but such failure to separately state is not fatal (CPLR 3014) and the court may ignore such defects if no substantial right of a party is prejudiced (CPLR 3026).
Plaintiff’s motion to strike the affirmative defenses interposed by the defendants is granted, to the extent that they relate to the cause of action for strict product liability. Otherwise, denied.

. Of course, in noninfant eases it is irrelevant. The plaintiffs could allege three causes of action: (1) negligence, (2) breach of warranty, and (3) strict products liability. The three-year statute would apply to (1) and (3) and the four-year statute to (2),

. However, I respectfully disagree with the conclusion reached in the Rivera v. Berkeley (supra) case that Codling (supra) reversed Mendel v. Pittsburgh Plate Glass Co. (25 N Y 2d 340) with respect to the four-year statute (Uniform Commercial Code, § 2-725) governing time limitations in product liability cases. In my view, the holding in Mendel (supra) still applies to all causes of action for breach of warranty only.